UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLURE LABS, INC.,<br><br>Appellant,<br><br>v.<br><br>NELLI MARKUSHEVSKA, et al.,<br><br>Appellees. | Case No. 19-CV-00066-LHK<br><br>**ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE**<br><br>Re: Dkt. No. 1 |

Appellant Allure Labs, Inc. appeals an order of the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), which declined to award treble damages, attorneys' fees, and costs to Appellant under California Penal Code § 496(c). The Appellees are Nelli Markushevska ("Markushevska") and her husband Marlon Aviles ("Aviles") (collectively, "Appellees"). Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby REVERSES the Bankruptcy Court's order and REMANDS the case to the Bankruptcy Court for further proceedings consistent with this decision.

## I. BACKGROUND

### A. Factual Background

Appellant employed Nelli Markushevska as an accountant from June 2014 to September

1

2015. ER 225.[1] As part of her job, Markushevska had access to all of Appellant's financial records and invoices and could issue checks to vendors. ER 226. In August 2015, Markushevska was out on vacation, so someone else was assigned to temporarily fulfill Markushevska's duties. *Id.* However, Markushevska's temporary replacement discovered irregularities in some of the checks Markushevska had prepared, and brought the issue to the attention of Appellant's vice president. *Id.* Appellant's vice president reviewed one of the checks and determined that he did not sign the check, nor did he recognize the name of the purported vendor to whom the check was made out. *Id.* Appellant's vice president determined that a review of Appellant's financial records was necessary to uncover the extent of Markushevska's misconduct, and tasked three employees to complete the review. ER 237. The review of the financial records lasted three to four weeks and required fulltime and overtime work. *Id.*

Appellant ultimately determined that Markushevska would first create a falsified invoice from a legitimate vendor, enter the false amount owed to the vendor in Appellant's bookkeeping software, then create and print a fraudulent check in the amount owed to the legitimate vendor. ER 227-28. However, instead of making the fraudulent check payable to the legitimate vendor, Markushevska forged the necessary signatures on the fraudulent check and made the check payable to "M. Aviles," Markushevska's husband Marlon Aviles. *Id*; *see also* ER 235 ("The Court: [A]re all the checks made payable to M. Aviles? Mr. Page: I can represent to the Court that they are, Your Honor."). The fraudulent checks were first deposited into a joint bank account owned by Markushevska and her husband Aviles. ER 670-713. But the funds were moved, almost immediately after being deposited in the joint account, into an account in Markushevska's name only. ER 714-746. Appellant discovered that Markushevska issued and cashed 63 fraudulent checks totaling $137,059.10. ER 400-401.

### B. Procedural History

The Court first discusses Appellant's suit against Appellees in state court, then turns to the

---

[1] The Court cites to Appellant's appendices as "ER." The appendices are available at ECF Nos. 13-2 and 13-3.

Case No. 19-CV-00066-LHK
ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE

proceedings before the Bankruptcy Court.

### 1. State Court Action

On September 15, 2015, Appellant filed suit against Appellees in the California Superior Court of Alameda County. ECF No. 4-4 at 8.[2] Appellant alleged ten causes of action, all of which were predicated on Markushevska's embezzlement and misconduct. *Id.* at 10-12. On May 26, 2016, Appellant filed a first amended complaint, which added four additional causes of action, including a cause of action under Cal. Penal Code §§ 496(a) and (c). ER 642, 662. Specifically, Cal. Penal Code § 496(a) defines the crime of receiving stolen property, among others. Cal. Penal Code § 496(c) allows victims of the crimes defined in § 496(a) to bring civil lawsuits to recover three times the amount of actual damages, costs, and reasonable attorneys' fees.

At various points in time, the Superior Court case was stayed, the stay was lifted, then once again stayed. ECF No. 13 at 11. Appellant's Superior Court case is still pending and is currently stayed. *Allure Labs. Inc. v. Markushevska*, Case No. RG15785690, May 3, 2019 Case Management Conference Order (Cal. Super. Ct.).

### 2. Bankruptcy Court Proceedings

On November 14, 2015, Appellees filed a voluntary petition for bankruptcy under Chapter 13 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of California. ER 001-045. On November 14, 2015, Appellants also filed a Chapter 13 bankruptcy repayment plan. On December 11, 2015, Appellees filed a first amended Chapter 13 plan. The Appellees' Chapter 13 plans proposed to repay Appellant. ER 368. However, on December 16, 2015, Appellant objected to confirmation of the Chapter 13 plan because Appellant thought the Chapter 13 plan was proposed in bad faith as the Chapter 13 plan did not adequately repay the amount Appellant believed it is owed. *Id.* As a result of the adversary proceeding, discussed below, and Appellant's objection to confirmation of the Chapter 13 plan, confirmation

---

[2] The Court utilizes the ECF-generated pagination when citing documents in the record transmitted from the Bankruptcy Court that are not in Appellant's appendices because the documents in the Bankruptcy Court records are not consecutively paginated.

Case No. 19-CV-00066-LHK
ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE

of Appellees' proposed Chapter 13 plan has been postponed. ER 368.

On February 16, 2016, Appellant initiated an adversary proceeding for a determination of the dischargeability and amount of Appellant's claims against Appellees. ER 050-066. Thus, the issues before the Bankruptcy Court in the adversary proceeding were: (1) whether the debt owed to Appellant is not dischargeable as to Markushevska under 11 U.S.C. §§ 523(a)(2) and (a)(6)[3]; (2) whether the debt owed to Appellant is not dischargeable as to Aviles; and (3) whether the debt should be trebled, and attorneys' fees and costs awarded, based on Cal. Penal Code § 496(c). ER 368.

Prior to trial in the adversary proceeding, the parties stipulated to certain facts. ER 165. Some of the stipulated facts are as follows:

- Markushevska worked as Appellant's bookkeeper from June 2014 until September 2015.
- Because of Markushevska's role as bookkeeper, Appellant entrusted access to its financial and banking records, including invoices, purchase orders, QuickBooks records and checks to Markushevska.
- Markushevska's role as bookkeeper was a position of trust because Appellant trusted Markushevska to use her access to the financial and banking records in Appellant's best interests.
- Appellant and Aviles had no business relationship.
- Aviles had no right to payment of any funds by Appellant.
- Markushevska created falsified invoices for Appellant's legitimate vendors reflecting money owed to those vendors for goods never delivered or services never rendered.
- Markushevska created fraudulent checks in connection with the falsified invoices.
- Markushevska inserted the name "M. Aviles" as the payee on the fraudulent checks, in

---

[3] 11 U.S.C. § 523(a)(2) states that a debtor is not discharged from any debt for money obtained by, *inter alia*, "false pretenses, a false representation, or actual fraud." Similarly, 11 U.S.C. § 523(a)(6) excepts from discharge debts for "willful and malicious injury by the debtor to another entity or to the property of another entity."

place of the name of Appellant's legitimate vendors.

- None of Appellant's authorized signatories signed the fraudulent checks.
- Markushevska forged the signatures of Renu Dhatt and Sam Dhatt, Appellant's executives, on the fraudulent checks.
- The total amount of the fraudulent checks deposited into Appellees' joint bank account is $137,059.10.
- Neither Markushevska or Aviles had a right to payment of the $137,059.10 deposited into their joint bank account.
- The $137,059.10 deposited into Appellees' joint bank account was embezzled from Appellant by Markushevska.

ER 165-66.

The Bankruptcy Court held a one-day trial on August 15, 2018. ER 368. On November 30, 2018, the Bankruptcy Court filed its memorandum decision after trial. ER 367. First, the Bankruptcy Court found that Appellant's debt is not dischargeable as to Markushevska pursuant to 11 U.S.C. § 523(a)(6) because Markushevska caused willful and malicious injury to Appellant. ER 375. As aforementioned, 11 U.S.C. § 523(a)(6) excepts from discharge debts for "willful and malicious injury by the debtor to another entity or to the property of another entity."

Second, the Bankruptcy Court found that Appellant's debt is dischargeable as to Aviles because Aviles "credibly testified that he did not know Ms. Markushevska was stealing and that he did not use the Joint Account in a way that would have shown him the influx of cash, her transfers to the Markushevska Separate Account, or her withdrawals of significant amounts of cash." ER 375.

Third, the Bankruptcy Court found that Cal. Penal Code § 496(c) does not apply and thus Appellant cannot recover treble damages, attorneys' fees, and costs. ER 369. As aforementioned, Cal. Penal Code § 496(a) defines the crime of receiving stolen property and other related crimes such as concealing stolen property. Moreover, Cal. Penal Code § 496(a) states that a "principal in the actual theft of the property may be convicted pursuant to this section. However, no person may

Case No. 19-CV-00066-LHK
ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE

be convicted both pursuant to this section and of the theft of the same property." In other words, California law permits a thief to be convicted of receiving or concealing stolen property under § 496(a) even if the thief stole the property at issue, so long as the thief is not also convicted of theft of the property.

Cal. Penal Code § 496(c) permits victims of crimes defined in § 496(a) to initiate a civil lawsuit to recover treble the amount of actual damages, costs, and reasonable attorneys' fees. The Bankruptcy Court reviewed the case law surrounding § 496(c). Ultimately, the Bankruptcy Court concluded that if a defendant was also the thief that stole the property, the defendant must engage in some kind of "additional conduct," beyond the elements of receiving stolen property defined in § 496(a), in order for the plaintiff to be eligible to recover treble damages, attorneys' fees, and costs under § 496(c). ER 383. Thus, the Bankruptcy Court found that § 496(c) was not applicable because although Markushevska was the thief who admittedly stole money from Appellant, she did not engage in any "additional conduct" that would permit a monetary award under § 496(c). ER 384.

On December 20, 2018, the Bankruptcy Court entered judgment in the adversary proceeding. ER 398. In the judgment, the Bankruptcy Court identified the debts Appellees owed to Appellants as: $137,059.10, the amount Markushevska embezzled; $11,000 for "investigative costs incurred by [Appellant] in connection with researching the theft and reconstructing its books and records"; and $48,793.68 in prejudgment interest. ER 398. Thus, the Bankruptcy Court determined that the total amount of debt owed by Appellees to Appellant is $196,852.78. *Id.* The Bankruptcy Court also specified that Markushevska's debt to Appellant is not dischargeable whereas Aviles' debt to Appellant is dischargeable "except as provided in Bankruptcy Code §524(a)(3)." *Id.*

On January 4, 2019, Appellant Allure Labs, Inc. filed a notice of appeal in this Court. ECF No. 1. On February 25, 2019, the bankruptcy record was lodged with the Court. ECF Nos. 3, 4. On April 15, 2019, Appellant filed its opening brief on appeal. ECF No. 13 ("Appellant Br."). On May 15, 2019, Appellees filed their opening brief on appeal. ECF No. 16 ("Appellees Br."). On

6

June 13, 2019, Appellant filed its reply. ECF No. 18 ("Reply").

## II.     STANDARD OF REVIEW

A federal district court has jurisdiction to entertain an appeal from the Bankruptcy Court under 28 U.S.C. § 158(a), which provides: "The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees[] of bankruptcy judges[.]" On appeal, a district court reviews a bankruptcy court's conclusions of law de novo, and the bankruptcy court's factual findings for clear error. *In re Greene*, 583 F.3d 614, 618 (9th Cir. 2009) (citing *In re Raintree Healthcare Corp.*, 431 F.3d 685, 687 (9th Cir. 2005)); *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005).

## III.    DISCUSSION

The instant appeal centers on two provisions of the California Penal Code: §§ 496(a) and 496(c).

§ 496(a) provides that a person "who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the property to be so stolen or obtained, shall be punished . . . ." Thus, § 496(a) defines various crimes such as receiving stolen property or concealing stolen property.

§ 496(c) is a related statute that allows anyone injured by a violation of § 496(a) to bring a civil action for "three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees."

Appellees present a threshold question that the Court must address before turning to Appellant's issue on appeal. Specifically, Appellees argue that Markushevska's conduct does not satisfy the elements of receiving stolen property under Cal. Penal Code § 496(a). Appellees Br. at 9.[4] Thus, Appellees conclude that Cal. Penal Code § 496(c), which permits a civil cause of action

---

[4] The Court cites the ECF-generated pagination of Appellees' brief because Appellees' brief does not contain internal page numbers.

Case No. 19-CV-00066-LHK
ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE

for treble damages, attorneys' fees, and costs for a violation of § 496(a), is inapplicable to Markushevska. *Id.*

Appellant contends that the Bankruptcy Court's interpretation of Cal. Penal Code § 496(c) was erroneous, and thus the Bankruptcy Court erred in its determination of the "amount of [Appellant's] claim against Markushevska" because the Bankruptcy Court did not award Appellant treble damages under § 496(c). Appellant Br. at 7-8. Appellant further contends that the Bankruptcy Court erred in denying Appellant's request for attorneys' fees and costs, which also may be awarded under § 496(c). *Id.* at 9. Appellant notes that it "is not appealing the bankruptcy court's determination with respect to Aviles, and only contends that the bankruptcy court erred in its construction of Section 496 as to Markushevska." *Id.* at 8 n.2.

The Court addresses each issue in turn, beginning with Appellees' threshold question and then Appellant's assertions.

### A. Whether Markushevska's Conduct Satisfies the Elements of Cal. Penal Code § 496(a)

The Court has some difficulty understanding Appellees' brief, which is confusingly worded and structured at times. *See, e.g.*, Appellees Br. at 16 ("Page The court further indicated Debtors' counsel also submits that Section 496(a) does not apply to the facts in this case."). Nevertheless, the Court believes Appellees' primary argument to be that Markushevska's conduct failed to meet all the elements of Cal. Penal Code § 496(a) required to prove Markushevska's receipt of stolen property, so Appellant cannot seek treble damages, attorneys' fees, and costs against Markushevska under § 496(c). Not so. The evidence shows that Markushevska received stolen property in violation of § 496(a).

Under "California law, the crime of 'receipt of stolen property' . . . consists of three elements: (a) the property was stolen, and (b) the defendant was in possession of it, (c) knowing it was stolen." *Verdugo-Gonzalez v. Holder*, 581 F.3d 1059, 1061 (9th Cir. 2009) (citing *People v. Anderson*, 210 Cal. App. 3d 414, 420 (1989)).

Regarding the first element of receipt of stolen property, which requires that the property

United States District Court
Northern District of California

be stolen, Appellees stipulated that the "$137,059.10 deposited into [Markushevska and Avila's] joint bank account was embezzled from Allure by Markushevska." ER 166. Embezzlement is "a form of larceny," which requires, *inter alia*, "the intent to *steal* the property." *People v. Casas*, 184 Cal. App. 4th 1242, 1246 (2010) (emphasis added); *see also People v. Kunkin*, 9 Cal.3d 245, 250 n.7 (1973) ("Embezzlement is a recognized form of theft within the meaning of section 496."). Thus, Appellees admit Markushevska stole $137,059.10 from Allure.

Regarding the second element of receipt of stolen property, which requires that the defendant be in possession of the stolen property, Appellees stipulated that the "total amount of the fraudulent checks deposited into [Appellees'] joint bank account is $137,059.10." *Id.* Thus, Appellees admit that they were in possession of the stolen property.

Regarding the third element of receipt of stolen property, which requires a defendant to know that the property was stolen, Appellees stipulated that Markushevska did not have "a right to payment of the $137,059.10" nor "any reason to believe that [she] had a right to the $137,059.10." *Id.* Thus, Markushevska knew that the property was stolen.

Appellees assert that Markushevska did not violate § 496(a) because it is "logically impossible for a thief who has stolen an item of property to buy or receive that property for himself." Appellees Br. at 16. This assertion is wrong under statutory law and case law. § 496(a) states, in relevant part, that a "principal in the actual theft of the property may be convicted" of receiving stolen property so long as the principal thief is not convicted "both pursuant to this section and of the theft of the same property." Moreover, California courts have held that "the fact that the defendant stole the property no longer bars a conviction for receiving, concealing or withholding the same property." *People v. Strong*, 30 Cal. App. 4th 366, 373 (1994); *see also People v. Allen*, 21 Cal.4th 846, 857 (1999) (noting that § 496(a) "authorizes a conviction for receiving stolen property *even though the defendant also stole the property*" (emphasis in original)).

Moreover, Appellees assert that Markushevska did not violate § 496(a) because part "of a finding pursuant to Section 496(a) is whether the Defendant conceals, sells or withholds property

of the Plaintiff. The [Bankruptcy] Court found that in regard to either Markushevska or Aviles[,] that was clearly not the case." Appellees Br. at 9. This argument is unmeritorious. "Assuming a defendant's knowledge that the property at issue was stolen, section 496, subdivision (a) may be violated in either of two ways: (1) by buying or receiving any property that has been stolen or (2) by conceal[ing], sell[ing], withhold[ing] or aid[ing] in concealing, selling, or withholding any property from the owner. [E]ach of the prohibited acts listed in section 496, subdivision ([a]) are separate and distinct offenses." *People v. Brown*, 32 Cal. App. 5th 726, 732 (2019) (internal quotation marks and citations omitted). Thus, for Markushevska to violate § 496(a) by receiving stolen property, she need not have also concealed, sold, or withheld the stolen property because such acts are all different ways to violate § 496(a). As *Brown* recognized, such acts are not required of *every* violation of § 496(a). 32 Cal. App. 5th at 732 ("[E]ach of the prohibited acts listed in section 496, subdivision ([a]) are separate and distinct offenses.").

However, even if a violation of § 496(a) requires that a defendant concealed, sold, or withheld stolen property as Appellees suggest, such a requirement is met here because Markushevska concealed Appellant's stolen property.

Concealment of stolen property consists of the act of "intentionally secreting stolen property . . . [and failing] to disclose its whereabouts" to its rightful owner. *People v. Allen*, 21 Cal.4th 846, 861 n.14 (1999). The facts show that Markushevska secreted the stolen property and did not disclose the property's whereabouts to Appellant, the property's rightful owner.

For instance, to hide the fact that she was stealing Appellant's money, Markushevska created falsified invoices for Appellant's legitimate vendors reflecting money owed to those vendors for goods never delivered or services never rendered. ER 165-166. Markushevska would also invent or delete entries in Appellant's QuickBooks system so it would appear as though Appellant owed money to legitimate vendors, even though in actuality, such vendors were not owed any money. ER 402-636. Markushevska then created fraudulent checks with memos such as "IT Consulting" or "IT Service" in connection with the falsified invoices and QuickBooks entries. *Id.* Markushevska inserted the name "M. Aviles" as the payee on the fraudulent checks;

10

Markushevska's husband, Marlon Aviles, did not work for Appellant and Appellant did not owe Aviles any money. ER 165-166. Markushevska then intentionally secreted the fraudulent checks by depositing the checks into a joint account owned by Markushevska and Aviles. *Id.* In furtherance of secreting the stolen property, Markushevska would then immediately transfer the stolen money from the joint account into an account in Markushevska's name only. ER 714-746.

Moreover, although Markushevska prepared and cashed the 63 fraudulent checks as Appellant's employee between June 2014 and September 2015, there is no evidence that Markushevska disclosed the stolen property's whereabouts to Appellant. Also, there is no evidence that Appellant even *knew* about Markushevska's embezzlement until August 2015, when one of Appellant's employees, temporarily assigned to fulfill Markushevska's duties while Markushevska was on vacation, discovered irregularities in checks Markushevska had prepared. ER 226. The employee who discovered the irregularities then brought the issue to the attention of Appellant's vice president. *Id.*

Indeed, conduct much less elaborate than the many steps Markushevska took to conceal the stolen property has been found to constitute concealment of stolen property. For instance, in *Rogge v. Adams*, the petitioner-defendant filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 that challenged his conviction for concealing stolen property under § 496(a). 2006 WL 1320409, at *12 (N.D. Cal. May 15, 2006). The foundation of the petitioner-defendant's conviction under § 496(a) was that by putting a stolen house key in his pocket for use in later burglarizing the house, the petitioner-defendant concealed stolen property. *Id.* Relying on the California Court of Appeal's rejection of the petitioner-defendant's claim as well as its own reasoning, the *Rogge* court denied the petitioner-defendant's habeas petition because there was substantial evidence that the petitioner-defendant concealed stolen property. *Id.* at *13.

In sum, the Court finds that Markushevska violated Cal. Penal Code § 496(a) by receiving stolen property. Moreover, even assuming that receiving stolen property under § 496(a) also requires that a defendant concealed, sold, or withheld the stolen property, Appellees Br. at 9, as discussed above, the Court finds that Markushevska concealed the stolen property.

United States District Court
Northern District of California

1    Next, the Court addresses whether the Bankruptcy Court's interpretation of § 496 was

2    erroneous.

3    **B.  Whether the Bankruptcy Court's Interpretation of Cal. Penal Code §§ 496(a) and (c) was Erroneous**

4    Cal. Penal Code § 496(a) states, in relevant part:

5

6         Every person who buys or receives any property that has been stolen
          or that has been obtained in any manner constituting theft or extortion,
7         knowing the property to be so stolen or obtained, or who conceals,
          sells, [or] withholds . . . any property from the owner, knowing the
8         property to be so stolen or obtained . . . shall be punished . . . .

9         A principal in the actual theft of the property may be convicted
          pursuant to this section. However, no person may be convicted both
          pursuant to this section and of the theft of the same property.

10   As aforementioned, under "California law, the crime of 'receipt of stolen property' . . . consists of

11   three elements: (a) the property was stolen, and (b) the defendant was in possession of it, (c)

12   knowing it was stolen." *Verdugo-Gonzalez*, 581 F.3d at 1061.[5] Moreover, § 496(a) allows a

13   "principal" in the theft of the property to be convicted under § 496(a) for receipt of stolen property

14   so long as the thief is not convicted of both the theft of the property as well as receipt of the same

15   stolen property. This prohibition is also known as the "dual-liability bar."

16   In addition, Cal. Penal Code § 496(c) states:

17

18        Any person who has been injured by a violation of subdivision (a) . .
          . may bring an action for three times the amount of actual damages, if
19        any, sustained by the plaintiff, costs of suit, and reasonable attorney's
          fees.

20   In other words, a person injured by a violation of subdivision (a), receipt of stolen property, has a

21   civil cause of action under subdivision (c) for three times the amount of actual damages, attorneys'

22   fees, and costs. A "defendant need not actually be convicted under § 496(a)-(b) before a civil

23

24   _____

25   [5] Appellant requests that the Court take judicial notice of the jury instruction approved for use by
     the Judicial Council of California in connection with claims arising under Cal. Penal Code § 496.
     ECF No. 14. Appellees do not object. A court is permitted to take judicial notice of documents,
26   like the Judicial Council's jury instruction, as facts generally known within the court's territorial
     jurisdiction. *See, e.g.*, *Hutton v. City of Berkeley Police Dep't*, 2014 WL 4674295, at *7 n.7 (N.D.
27   Cal. Sept. 9, 2014) (taking judicial notice of jury instruction approved by the Judicial Council of
     California). Thus, Appellant's request for judicial notice is GRANTED.

28
     Case No. 19-CV-00066-LHK
     ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE

claim can be brought against him under § 496(c)." *Fodor v. Blakey*, 2012 WL 12893985, at *12 n.65 (C.D. Cal. Feb. 21, 2012) (citing *City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 485 (1998)); *see also Bell v. Feibush*, 212 Cal. App. 4th 1041, 1043 (2013) ("[A] criminal conviction under section 496(a) is not a prerequisite to recovery of treble damages under section 496(c)."). Thus, although there is no evidence that Markushevska has been *charged* under § 496(a) for receipt of stolen property or for concealing stolen property, as discussed above, Markushevska's violations of § 496(a) may give rise to a civil cause of action against Markushevska under § 496(c) for treble damages, attorneys' fees, and costs.

The Bankruptcy Court held that if a plaintiff seeks recompense under § 496(c) from a defendant who stole the property that the defendant "received" under § 496(a), the thief defendant must have engaged in "additional conduct" *in addition* to satisfying the elements of receipt of stolen property under § 496(a). ER 383. Specifically, the Bankruptcy Court stated: "There was no evidence at trial which would support a finding that [Appellees] – either alone or together – took any *extra steps* to conceal or withhold the stolen funds once the Embezzlement came to light." *Id.* (emphasis added). The Bankruptcy Court also noted that while "Ms. Markushevska admittedly stole money from Allure, . . . she took no *extra steps* to retain it." ER 384 (emphasis added). So, the Bankruptcy Court concluded that awarding Appellant treble damages under § 496(c) was "not appropriate" because Appellees did not engage in "additional conduct"—such as taking steps to conceal or withhold the embezzled funds—beyond the conduct necessary to satisfy the elements of receipt of stolen property under § 496(a). *Id.*

Appellant argues that the Bankruptcy Court's imposition of an "additional conduct" requirement misconstrues California law. Appellant Br. at 20-21. Specifically, Appellant attacks the Bankruptcy Court's reliance on a pair of unreported federal cases—*Grouse River Outfitters Ltd. v. NetSuite, Inc.*, 2016 WL 5930273 (N.D. Cal. Oct. 12, 2016), and *Agape Family Worship Center, Inc. v. Gridiron*, 2018 WL 2540274 (C.D. Cal. May 30, 2018)—that impose an "additional conduct" requirement as a prerequisite to recovery under § 496(c). *Id.* at 21. In turn, these two federal cases rely on *Bell v. Feibush*, 212 Cal. App. 4th 1041 (2013), to support the

13

imposition of an "additional conduct" requirement. *Id.* However, Appellant argues that the two federal cases misinterpret *Bell*. *Id.* The Court agrees with Appellant. Under the plain meaning of the statutory text of § 496 and associated case law, the Bankruptcy Court's interpretation of §§ 496(a) and (c), which this Court reviews *de novo*, was erroneous. In addition, the Bankruptcy Court should not have relied upon *Grouse River Outfitters* and *Agape*, cases that misinterpret *Bell*. Thus, reversal is warranted.

The Court discusses: (1) how the statutory text of § 496 and the case law reject the Bankruptcy Court's interpretation of § 496, and (2) why the Bankruptcy Court's reliance on *Grouse River Outfitters* and *Agape* was in error.

### 1. The Bankruptcy Court Committed Legal Error by Ignoring the Unambiguous Statutory Text of §§ 496(a) and (c) and Related Case Law

The Bankruptcy Court committed legal error by imposing an "additional conduct" requirement to §§ 496(a) and (c) as a prerequisite to awarding damages, attorneys' fees, and costs under § 496(c). The "additional conduct" requirement has no basis in the statutory text of §§ 496(a) and (c) or controlling California case law. The Court first discusses § 496(a), which, *inter alia*, defines the crimes of receiving stolen property and concealing stolen property, then turns to § 496(c), which sets forth penalties and a private right of action for violations of § 496(a).

#### a. Cal. Penal Code § 496(a)

"Because we are interpreting a California statute, we apply California's rules of statutory construction." *Turnacliff v. Westly*, 546 F.3d 1113, 1117-18 (9th Cir. 2008). First and foremost, California courts "scrutinize the actual words of the statute, giving them a plain and commonsense meaning." *Gomez v. Superior Court*, 54 Cal.4th 293, 300 (2012). If the "language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the Legislature's intent is unnecessary." *Id.*

§ 496(a) is unambiguously worded. The California Penal Code codified receipt of stolen property to render liable anyone who "receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or

<hr/>

Case No. 19-CV-00066-LHK
ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE

obtained." Cal. Penal Code § 496(a). Every single California case this Court has reviewed interprets § 496(a) to require nothing more than the following three elements be met to establish a violation of § 496(a): "(a) the property was stolen, and (b) the defendant was in possession of it, (c) knowing it was stolen." *Verdugo-Gonzalez*, 581 F.3d at 1061 (citing *People v. Anderson*, 210 Cal. App. 3d 414, 420 (1989)); *see also, e.g.*, *Lacagnina v. Comprehend Sys., Inc.*, 25 Cal. App. 5th 955, 970 (2018) ("[T]o sustain a conviction for receiving stolen property [under § 496(a)], the prosecution must prove (1) the property was stolen; (2) the defendant knew the property was stolen; and, (3) the defendant had possession of the stolen property."); *MMM Holdings, Inc. v. Reich*, 21 Cal. App. 5th 167, 185 (2018) (same); *Finton Constr., Inc. v. Bidna & Keys, APLC*, 238 Cal. App. 4th 200, 213 (2015) (same); *People v. Land*, 30 Cal. App. 4th 220, 223 (1994) (same); *People v. Price*, 1 Cal.4th 324, 464 (1991) (same); *People v. Anderson*, 210 Cal. App. 3d 414, 420 (1989) (same); *People v. Kunkin*, 9 Cal.3d 245, 249 (1973) (same).).

Notably, none of these California cases indicate that the elements of receipt of stolen property vary in the situation where the principal in the theft of property is also the person accused of receipt of the same stolen property. Moreover, the Court has not found, and Appellees fail to cite, any authority for the proposition that there are any circumstances wherein receipt of stolen property is comprised of *more* than the aforementioned three elements. Thus, § 496(a) does not require the satisfaction of any other elements, such as the "additional conduct" requirement, as part of a violation of § 496(a). Therefore, in situations like the one at bar, where the thief (i.e. Markushevska) who stole the property is also sued under § 496(a) for receipt of that very same property, the thief need not have engaged in any "additional conduct" beyond that of the aforementioned three elements in order to establish that the thief violated § 496(a).

b. Cal. Penal Code § 496(c)

Moreover, as to § 496(c), the California Court of Appeal explicitly held that "the language of section 496(c) is clear and unambiguous." *Switzer v. Wood*, 35 Cal. App. 5th 116, 126 (2019). "All that is required for civil liability to attach under section 496(c), including entitlement to treble damages, is that a 'violation' of subdivision (a) . . . of section 496 is found to have occurred." *Id.*

Case No. 19-CV-00066-LHK
ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE

at 121. "A violation may be found to have occurred if the person engaged in the conduct described in the statute" under § 496(a). *Id.* As discussed in the preceding paragraphs, the "conduct described in the statute" under § 496(a) is comprised of only three elements; a violation of § 496(a) does *not* require a finding of "additional conduct." Thus, per *Switzer*, § 496(c) also does not require a finding of "additional conduct" because *Switzer* makes clear that "all that is required" for a person to be liable for treble damages, attorneys' fees, and costs pursuant to § 496(c) is for that person to have violated § 496(a). *Id.*

It is axiomatic that the "'basic federal rule' in bankruptcy is that state law governs the substance of claims." *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20. Thus, this Court and the Bankruptcy Court are bound by numerous California Supreme Court and California Court of Appeal decisions as well as the plain text of §§ 496(a) and (c), all of which compel the conclusion that there is no "additional conduct" requirement under §§ 496(a) or (c). Rather, a violation of § 496(a) is all "that is required for civil liability to attach" under § 496(c). *Switzer*, 35 Cal. App. 5th at 121.

Thus, it was legal error for the Bankruptcy Court to have denied Appellant the recovery of treble damages, attorneys' fees, and costs under § 496(c) simply because Markushevska did not engage in "additional conduct" because Markushevska "took no extra steps to retain" the stolen money. ER 384.

In addition, the Bankruptcy Court held that efforts to conceal or withhold the stolen funds would satisfy the "additional conduct" requirement. ER 383. The Bankruptcy Court believed that Markushevska did not conceal the stolen money and thus did not satisfy the "additional conduct" requirement, but this Court disagrees. *Id.* As discussed above, Markushevska orchestrated an elaborate scheme to embezzle Appellant's money and took extensive steps to hide the embezzlement. Assuming *arguendo* that there is an "additional conduct" requirement, the fact that Markushevska concealed the stolen property would therefore satisfy the "additional conduct" requirement.

Next, the Court discusses the Bankruptcy Court's erroneous reliance on *Grouse River*

Case No. 19-CV-00066-LHK
ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE

*Outfitters* and *Agape*.

**2. The Bankruptcy Court Should Not Have Relied Upon *Grouse River Outfitters* and *Agape***

In arriving at its conclusion to deny Appellant recovery under § 496(c), the Bankruptcy Court relied on two federal cases—*Grouse River Outfitters* and *Agape*—that also imposed the "additional conduct" requirement. ER 382-83. For instance, the Bankruptcy Court noted that it was "persuaded that the approach taken by the district court in <u>Grouse River Outfitters</u> . . . is appropriate in the context of this case." ER 383. Moreover, the Bankruptcy Court stated that following "the reasoning of <u>Grouse River</u>, the [*Agape*] court denied summary judgment on [a § 496(c)] claim because there was no 'extra step' of withholding the stolen money." ER 382. The Court first discusses *Grouse River Outfitters*, then *Agape*.

a. *Grouse River Outfitters*

*Grouse River Outfitters*, relying on the California Court of Appeal case *Bell v. Feibush*, introduces an "additional conduct" requirement to the imposition of liability under § 496(c). ER 383. Specifically, *Grouse River Outfitters* stated:

> [I]n *Bell*, the defendant had engaged in additional conduct . . . . The apparently decisive ground for permitting a § 496(c) claim in *Bell* was that the defendant had violated section 496(a) not only by receiving property from Bell by false pretense, but also withholding that property when she asked for it back. That small additional conduct was enough . . . to avoid § 496(a)'s dual-liability bar. For purposes of this case, it is enough to notice that there is no similar "extra conduct" here.

*Grouse River Outfitters*, 2016 WL 5930273, at *15 (internal citations omitted). In other words, *Grouse River Outfitters* interpreted *Bell* as imposing an "additional conduct" requirement because the *Bell* defendant withheld the plaintiff's property when the plaintiff asked for it back. The *Grouse River Outfitters* court also noted that such "additional conduct" would avoid § 496(a)'s dual-liability bar.[6] *Id.*

---

[6] In the criminal context, § 496(a)'s dual-liability bar prevents a defendant from being simultaneously convicted of receipt of stolen property and of theft of the same property. *Grouse River Outfitters*, 2016 WL 5930273, at *15. However, as this matter is not a criminal case, the Court need not address the dual-liability bar in the criminal context.

Case No. 19-CV-00066-LHK
ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE

In the civil context, § 496(a)'s dual-liability bar prevents a defendant from simultaneously being assessed damages for the underlying theft in addition to damages under § 496(c). *Bell*, 212 Cal. App. 4th at 1049; *see also Worldwide Travel, Inc. v. Travelmate US, Inc.*, 2016 WL 1241026, at *8 (S.D. Cal. Mar. 30, 2016) ("[T]he defendant would not be liable for damages under the breach of contract and fraud causes of action *and* treble damages under [Section 496].")

Although the *Grouse River Outfitters* court believed that the "small additional conduct" of withholding the plaintiff's property when the plaintiff asked for it back was enough to avoid the dual-liability bar, 2016 WL 5930273, at *15, the dual-liability bar is inapplicable to the instant case. Specifically, Appellant in the instant case did not request that the Bankruptcy Court award § 496(c) damages *in addition* to damages for Markushevska's theft. Rather, Appellant's post-trial brief *only* requested damages under § 496(c). ER 365. Thus, there is no danger that § 496(c) damages will be awarded in addition to damages for Markushevska's theft.

Furthermore, in *Bell*, the defendant induced the plaintiff to loan the defendant around $200,000 based on the false pretense that the defendant owned a particular trademark. 212 Cal. App. 4th at 1043-44. The *Bell* defendant claimed that he needed the money to settle a lawsuit related to the trademark. *Id.* When the *Bell* plaintiff realized that the defendant's representations were false and asked for her money back, the defendant gave a "litany of excuses" and never repaid the plaintiff. *Id.* at 1044. So, the *Bell* plaintiff brought suit for breach of contract, fraud, and violation of § 496(a). *Id.* at 1043. The *Bell* court found that the defendant violated § 496(a), and thereby awarded plaintiff treble damages under § 496(c). *Id.* at 1048-49.

The *Bell* court makes only one reference to what the *Grouse River Outfitters* court believed to be the "additional conduct" sufficient to give rise to § 496(c) liability. The *Bell* court stated: "The evidence established that [the defendant] violated section 496(a) not only by receiving property from [the plaintiff], but *also by withholding that property* when [the plaintiff] asked for it back." *Id.* at 1049 (emphasis added). Notably, the *Bell* court did not state that by withholding the money, the defendant engaged in "additional conduct" necessary to establish § 496(c) liability. The *Bell* court did not state that "additional conduct" was a prerequisite to § 496(c) liability. The

18

*Bell* court did not state that a showing of "additional conduct" was required to avoid § 496(a)'s dual-liability bar. Rather, what the *Bell* court *did state* was that there were two bases for the *Bell* defendant's violations of § 496(a). The first basis was the defendant's receipt of stolen property. The second basis was when the defendant withheld the stolen property from the plaintiff when the plaintiff asked for the property back because a § 496(a) violation also occurs when a person "conceals, sells, [or] *withholds* . . . any property from the owner, knowing the property to be so stolen or obtained." Cal. Penal Code § 496(a) (emphasis added). Thus, what the *Grouse River Outfitters* court identified in *Bell* as the "small additional conduct"—withholding the stolen property when the owner asked for it back—was actually an alternative way in which the *Bell* defendant violated § 496(a).

At bottom, the *Grouse River Outfitters* court incorrectly interpreted *Bell* to require a showing of "additional conduct" beyond § 496(a)'s actus reus requirements before a court can impose liability under § 496(c). "All that is required for civil liability to attach under section 496(c), including entitlement to treble damages, is that a 'violation' of subdivision (a) . . . of section 496 is found to have occurred." *Switzer*, 35 Cal. App. 5th at 126. So, by imposing the "additional conduct" requirement, the *Grouse River Outfitters* court impermissibly introduced an additional element into a statute that lacks any textual basis for the additional element. But courts "resist reading words or elements into a statute that do not appear on its face." *Bates v. United States*, 522 U.S. 23, 29 (1997); *see also Vasquez v. State of California*, 45 Cal.4th 243, 253 (2008) ("In construing this, or any, statute, or office is simply to ascertain and declare what the statute contains, not to change its scope by reading into it language it does not contain . . . .").

      b.  *Agape*

Turning to *Agape*, 2018 WL 2540274, the Bankruptcy Court noted that "[f]ollowing the reasoning of <u>Grouse River</u>," *Agape* rejected a § 496(c) claim because there was no "'extra step' of withholding the stolen [property] after demand for its return." ER 382. As with the Bankruptcy Court's reliance on *Grouse River Outfitters*, *Agape*'s reliance on *Grouse River Outfitters* is also problematic because this Court has established above that *Grouse River Outfitters* misstates

California law and introduces an additional element into the law without a statutory basis. As such, the *Agape* court's decision rests upon shaky foundations. For all the reasons the Court found *Grouse River Outfitters* unpersuasive, the Court also declines to follow *Agape*.

### 3. Summary

It is quite telling that of all the cases this Court, the Bankruptcy Court, and the parties have found that relate to §§ 496(a) and (c), only two cases that impose the "additional conduct" requirement have emerged: *Grouse River Outfitters* and *Agape*. Neither *Grouse River Outfitters* nor *Agape* is controlling authority here. However, what is controlling authority for this Court is the California Court of Appeal decision in *Switzer*, 35 Cal. App. 5th 116. *Switzer* holds: "All that is required for civil liability to attach under section 496(c), including entitlement to treble damages, is that a 'violation' of subdivision (a) . . . of section 496 is found to have occurred." *Id.* at 121. "A violation may be found to have occurred if the person engaged in the conduct described in the statute" under § 496(a). *Id.*

Thus, the Bankruptcy Court committed legal error when it imposed the "additional conduct" requirement and declined to award Appellant treble damages, attorneys' fees, and costs under § 496(c) because there was "no evidence at trial which would support a finding that [Appellees] – either alone or together – took any *extra steps* to conceal or withhold the stolen funds." ER 383.

Here, the Court has determined, in accordance with the undisputed facts to which Appellees have stipulated, that Markushevska violated § 496(a). Thus, Appellant may be awarded "three times the amount of actual damages, if any, sustained by the [Appellant], costs of suit, and reasonable attorney's fees." Cal. Penal Code § 496(c).

## IV. CONCLUSION

For the foregoing reasons, the Court REVERSES the Bankruptcy Court's order and REMANDS this case to the Bankruptcy Court for further proceedings consistent with this decision. The Clerk shall close the file.

**IT IS SO ORDERED.**

Case No. 19-CV-00066-LHK
ORDER REVERSING DECISION OF BANKRUPTCY COURT AND REMANDING CASE

Dated: July 18, 2019

_____
LUCY H. KOH
United States District Judge